# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

KATHLEEN M. MILLER
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10501
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

December 3, 2025

Michael J. Barrie, Esq.
Kate Hodges Harmon, Esq.
Benesch, Friedlander, Coplan &
Aronoff LLP
1313 North Market Street, Suite 1201
Wilmington, DE 19801

Travis S. Hunter, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

> RE: *Topstep LLC v. Patrick Wieland*
> C.A. No.: N25C-06-299 KMM CCLD

Dear Counsel:

This letter opinion resolves Defendant Patrick Wieland's Partial Motion to Dismiss Topstep's Confidentiality Contract Claim (the "Motion").[1] The Court has determined that oral argument is not necessary for disposition of the Motion.

Topstep LLC ("Topstep") filed the complaint on June 30, 2025, asserting two causes of action: (1) breach of contract for violating the confidentiality clause in the parties' settlement agreement, and (2) breach of contract for violating the non-

---

[1] D.I. 5.  The Motion was submitted for decision on November 20, 2025.

disparagement clause of the agreement. Patrick Wieland ("Wieland") moved to dismiss Count 1.

**Factual Background**[2]

Wieland is a Future Day Trader on YouTube and a social media "*finfluencer*."[3] In August 2022, Wieland joined Topstep's Affiliate Program.[4] Due to his behavior, however, Wieland was terminated in December 2023 and notified of the termination in January 2024.[5]

After his termination, Wieland continued his offending behavior, described as an "obsessive and false smear campaign against Topstep."[6] Topstep sent Wieland a cease-and-desist letter.

The parties ultimately resolved their disputes and entered into a Settlement and Release Agreement (the "Settlement Agreement"), effective March 29, 2024. The Settlement Agreement contains a Confidentiality Clause, which prohibits Wieland from:

> discuss[ing], disseminat[ing], or post[ing] any information or other content pertaining to this Agreement, the Affiliate Agreement, or Topstep's Confidential Information (as defined in the Affiliate Agreement) in any way or any internet forum, website, or other form of social media, including without limitation, Facebook, Twitter/X, LinkedIn, YouTube, and Instagram.[7]

---

[2] The factual recitation focuses on facts relevant to Count 1.
[3] Compl. ¶ 13.
[4] *Id.* ¶ 17.
[5] *Id.* ¶¶ 18-20.
[6] *Id.* ¶ 21.
[7] *Id.*, Ex. A § VII.

The Affiliate Agreement defines "Confidential Information" as:

> All information, including, without limitation, the terms of this Agreement, business and financial information, Commissions . . . pricing and sales information, concerning Topstep or any of our Affiliates provided by or on behalf of any of our Affiliates, or any other information designated by Topstep as Confidential.[8]

Finally, the Settlement Agreement incorporates the confidentiality obligations of the Affiliate Agreement, which provide:

> Affiliate shall not use any information obtained from the Affiliate Program to develop, enhance, or operate a service that competes with the Affiliate Program, or assist another party to do the same.[9]

The Settlement Agreement contains a liquidated damages clause. The parties agreed to an award of $100,000 for each violation of the Confidentiality Clause.[10]

Despite Wieland's obligations under the Settlement Agreement, he "resumed his pattern of posting and discussing false and confidential information about Topstep, including on Twitter/X and YouTube."[11]

While Topstep is still investigating, it has identified over 50 violations of the Settlement Agreement, including posts on Twitter and YouTube beginning in January 2025, such as:

> 1. "Don't use… Project X (program run by Topstep for the firm's top performing traders) because [Project X] shares all the data between all the prop firms now by the way";

---

[8] *Id.* ¶ 37.
[9] *Id.* ¶ 38.
[10] *Id.* ¶ 25.
[11] *Id.* ¶ 27.

2. "You know Topstep only got to where it is because of affiliates like me and TBM? I was bringing in over 10% of Topstep total revenue a month";

3. "@MichaelPatak why not disclose your business interest in Project X/Topstep X. Having a stake in a platform that provides data to competitors with ability to monitor traders across multiple firms seems like a massive AntiTrust Lawsuit";

4. "Why is @MichaelPatak always lying? I was a Topstep Affiliate and as soon as I announced that I was going to be an affiliate of Apex I instantly got cut form [sic] the [Topstep] program haha";

5. "When you meet up with Patak ask him how Topstep tv lost $400k last year live on YouTube."[12]

Wieland shared text message screenshots stating: "Topstep dumped me like trash. I made them a fortune, and now they're cutting all partnerships for very special reasons. It's disgusting."[13]

In April 2025, Wieland posted a video on YouTube titled "Topstep's Shocking New Rules" in which he attacked Topstep and stated:

> might just be my personal vendetta . . . with Topstep for the rest of my life, they [**] me over for millions of dollars and now I'm always gonna be butt hurt . . . . I spent a lot of time working with that company and I know a lot about what actually goes on.[14]

---

[12] *Id.* ¶ 28.
[13] *Id.* ¶ 29.
[14] *Id.* ¶ 4.

Finally, upon information and belief, Wieland shared Confidential Information with competitors privately.[15]

Count 1 alleges that Wieland breached the Confidentiality Clause.

### *The parties' contentions*

Wieland moves to dismiss under Superior Court Civil Rule 12(b)(6), arguing that the complaint fails to "plead specific factual allegations supporting the legal conclusion that Wieland breached the Settlement Agreement's confidentiality provisions."[16] Wieland argues that the complaint alleges a breach of the Settlement Agreement in a conclusory fashion. Specifically, the complaint does not allege what information covered by the Settlement Agreement Wieland disclosed, and further, Topstep relies on allegations asserted on "information and belief."[17]

Topstep responds that it has sufficiently alleged a breach of contract claim. It provided examples of the disclosures that violate the Confidentiality Clause and it is not required to allege details of all 50 known instances. [18] Topstep explains that it did not provide details of all of the alleged violations out of concern that Wieland would only use the allegations to further violate the Settlement Agreement. To show

---

[15] *Id.* ¶ 30.

[16] D.I. 6, p. 5.

[17] D.I. 6, p. 6 ("What information did Wieland publicly discuss or disclose that is covered by the Settlement Agreement? No one knows. What did Wieland say 'on at least fifty separate occurrences' that runs afoul with the Settlement Agreement's confidentiality provisions? [] Again, no one knows…").

[18] *See generally* D.I. 21.

that its concern was valid, Topstep attached to its answering brief six examples of Wieland's posts after the complaint was filed (the "Exhibits").

In his reply brief, Wieland makes three arguments. First, the court must disregard the Exhibits.[19]

Second, Topstep provided only five examples of alleged disclosure violations, and did not provide any facts supporting the remaining 45 violations.

Third, Wieland argues that Topstep's examples "fail to establish breach as a matter of law because they (1) pertain to publicly available information Topstep admitted on its own website and (2) lack necessary facts to show that the information could qualify as 'Confidential Information' under the Settlement Agreement."[20]

### *Standard of Review*

On a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6), the governing pleading standard is reasonable conceivability.[21] Accordingly, the court must "'deny the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances.'"[22] At the pleading stage, Delaware courts afford a liberal construction.[23] Thus, the court accepts all well-pleaded factual allegations

---

[19] D.I. 29.

[20] *Id.* p. 2.

[21] *Delaware Human and Civil Rights Comm'n v. Welch*, 2025 WL 2222967, at *4 (Del. Super. Aug. 5, 2025).

[22] *Id.* (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.2d 531, 537 (Del. 2011)).

[23] *Surf's Up Legacy Partners, LLC v. Virgin Fest, LLC*, 2021 WL 117036, at *6 (Del. Super. Jan 13, 2021).

as true and draws all reasonable inferences in favor of the non-moving party.[24]  "An allegation, though vague or lacking in detail, is nevertheless 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it.[25]  The court, however, does not accept conclusory allegations that lack supporting factual allegations.[26]

"In alleging a breach of contract, a plaintiff need not plead specific facts to state an actionable claim.  Rather, a complaint for breach of contract is sufficient if it contains 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[27]  The allegations "must only give the defendant fair notice of a claim and is to be liberally construed."[28]

"A complaint that gives fair notice 'shifts to the defendant the burden to determine the details of the cause of action by way of discovery for the purpose of raising legal defenses.'"[29]  Therefore, to avoid dismissal under Delaware's notice pleading standard, a party "need not plead evidence," but at a minimum, must "allege facts that, if true, state a claim upon which relief can be granted."[30]

---

[24] *Id.* at *5.
[25] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003).
[26] *Surf's Up Legacy Partners,* 2021 WL 117036, at *6.
[27] *VLIW Tech.,* 840 A.2d at 611 (internal citation omitted).
[28] *Id.*
[29] *Id.*
[30] *Id.*

*Analysis*

### A. *Documents outside the complaint*

On a motion to dismiss, the general rule is that the "universe of facts" is those that are pled in the complaint.[31] When a party submits matters outside the complaint, a court may consider those documents, but the court then will typically convert the motion to a summary judgment motion.[32] A court may consider outside matters without converting the motion to one for summary judgment in limited circumstances: "(i) where an extrinsic document is integral to a plaintiff's claim and is incorporated into the complaint by reference, and (ii) where the document is not being relied upon for the truth of its contents."[33]

Whether a document is integral to a claim is largely a "facts-and-circumstances inquiry."[34] Generally, a document is integral if it is the source for the facts as pleaded in the complaint.[35] Even if a document is integral, it may not be considered unless it is "clear on the record that no dispute exists regarding the

---

[31] *Doe 30's Mother v. Bradley*, 58 A.3d 429, 443 (Del. Super. 2012) (internal quotation marks and citation omitted).
[32] *Id.*
[33] *Id.* at 444.
[34] *Murray v. Mason*, 244 A.3d 187, 192 (Del. Super. 2020).
[35] *Id.* at 192–93.

authenticity or accuracy of the document. … It must also be clear that there exists no material disputed issues of fact regarding the relevance of the document."[36]

Courts will incorporate documents by reference for "carefully limited purposes."[37] The court will do so to address situations such as when the complaint quotes from or relies on "only selected and misleading" portions of the document. For example, a court may consider a proxy statement upon which a complaint's disclosure claim is based for the limited purpose of considering *what was disclosed*.[38] But, the proxy statement cannot be considered to *establish facts* in assessing the merits of the complaint's breach of fiduciary duty claims.[39]

## B. *Topstep's Exhibits*

Topstep filed the Exhibits to explain the scope of its allegations in the complaint. The pleading standard, however, does not change because a plaintiff may have a valid reason for pleading in a certain manner. A complaint's sufficiency is

---

[36] *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006); *Perrigo Co. v. Int'l Vitamin Corp.*, 2018 WL 4290387, at *2 (D. Del. Sept. 17, 2018) (same). Delaware courts follow federal courts in determining whether matters outside the complaint will cause a motion to dismiss to be converted to a motion for summary judgment. *Doe 30's Mother*, 58 A.3d at 444. *See also, Two Farms, Inc. v. Davis, Bowden & Friedel, Inc.*, 2018 WL 2714796, at *2 (Del. Super. June 4, 2018) ("Court may consider undisputedly authentic documents…").

[37] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 69 (Del. 1995).

[38] *Id.*

[39] *Id.* (finding lower court improperly considered the substance of the proxy statement to evaluate the complaint's substantive claims). Further examples include considering the contract at issue in a breach of contract case or the alleged defamatory article in a defamation case. *Id.*

measured solely by the allegations therein and the documents incorporated into the complaint.

The Exhibits are not incorporated into the complaint. Indeed, they are dated after the complaint was filed. And, the documents are being relied on for the truth of the contents. Therefore, the Court will not consider the Exhibits.

### C.    *The breach of contract claim—Count 1.*

A claimant asserting a breach of contract must allege: (1) the existence of a contract; (2) the breach of a contractual obligation; and (3) resulting damages.[40]

Construing the complaint in a light most favorably to Topstep, it identifies specific instances where Wieland made public statements that disclosed information relating to the business or financial affairs of Topstep (posts 1-5 above). It is reasonably conceivable that these statements fall with the Confidentiality Clause. It is also reasonable to infer that Wieland obtained this information while he was affiliated with Topstep—this is how he came to know Topstep allegedly lost money and how much money Wieland made for Topstep. Indeed, his April 2025 YouTube video touted that he knew a lot about Topstep from his time working with the company.[41]

---

[40] *VLIW Tech.,* 840 A.2d at 612.
[41] Compl. ¶ 4.

Topstep is not required to provide details of each instance of a breach, nor is it required to plead evidence. The complaint puts Wieland on notice of the claim against him.[42] The burden now shifts to Wieland to determine the details of the cause of action by way of discovery.

Wieland contends that the information in his statements on April 23 and 24, 2025 (posts 1 and 3 above) relating to "prop firms" was already made public by Topstep on its webpage on April 22. Therefore, he argues, as a matter of law, this statement fails to constitute a breach of the Confidentiality Clause.

Wieland's argument fails. The complaint alleges that the statements disclosed Confidential Information. The complaint does not contain a statement regarding an April 22 Topstep post. Contrary to Wieland's argument, the alleged post is not incorporated into the complaint. Wieland is offering the webpage post to contradict allegations in the complaint. Thus, there is a factual dispute about whether statement relates to publicly disclosed information.[43] Specifically, the alleged violating post stated:

---

[42] The Court comes to this conclusion without considering the allegations asserted on "information and belief."

[43] The allegations here are distinguishable from cases where a plaintiff selectively quotes from a document in the complaint. *See In re Gen. Motors S'holder Litig.*, 897 A.2d 162 (Del. 2006) (finding lower court properly considered the entire consent solicitation in determining whether the disclosures in the solicitation were materially misleading). In such circumstances, the court may consider the whole document under the limitations described above. Here, Wieland is seeking to introduce new evidence to defeat the complaint, which is not permissible on a motion to dismiss. *See In re Santa Fe*, 669 A.2d at 69-70 (finding lower court properly considered the Joint Proxy statement for purposes of the disclosure claim to understand what was disclosed in the Joint Proxy,

> Don't use… Project X (program run by Topstep for the firm's top performing traders) because [Project X] shares all the data between all the prop firms now by the way.

The alleged post on Topstep's website stated:

> Our platform also has 'cross firm' risk monitoring. Meaning if a trader is trading at Firm A and Firm B and [sic] the same exact time, we will alert both firms of potential fraudulent behavior (hedging, grid trading, team trading, etc).

The website stated a policy that the company would disclose if this "cross firm trading" occurred. Wieland's alleged statement was that Topstep has been sharing information between these prop firms, inferring that Topstep was violating its own policy. Because a dispute exists as to the relevance of the Topstep post, it cannot be considered on this motion. Construing the complaint in a light most favorable to Topstep, as the Court must, the complaint sufficiently alleges that this statement violated the Confidentiality Clause.

Similarly, Wieland's argument that he was merely reposting statements made by others, fails. Wieland contends that affiliate-marketing relationships are, by their nature, public and therefore, this information cannot be confidential. In an attempt to defeat the complaint, Wieland is asserting a defense, which is necessarily factual. At this stage, the allegations in the complaint are accepted as true and must be construed in plaintiff's favor. While the Court will not accept conclusory allegations

---

but it was improper to consider the document to contradict factual allegations in the substantive claims).

"when deciding a motion to dismiss, the Court will not adjudicate contested issues of fact on a motion to dismiss, nor will it deem a pleading inadequate under Rule 12(b)(6) simply because a defendant presents facts that appear to contradict those [pled] by the plaintiff."[44]  Thus, Wieland cannot defeat the complaint by raising a factual dispute.

Wieland's remaining argument—that there are not specific factual allegations supporting Topstep's claims that the disclosures included Confidential Information, also fails.  Again, Delaware's pleading standard is minimal notice pleading; pleading particularized facts is not required.  As discussed above, the complaint puts Wieland on fair notice of the claim—that he made numerous statements that violated the Confidentiality Clause. This is sufficient under Rule 12(b)(6).  Accordingly, the Motion is DENIED.

IT IS SO ORDERED.

_/s/Kathleen M. Miller_
Kathleen M. Miller, Judge

Original to Prothonotary

---

[44] *Doe 30's Mother*, 58 A.3d at 445.